UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YEN TRAN d/b/a | § | |
| IMPERIAL SHOPPING CENTER | § | |
|     *Plaintiff*, | § | |
| v. | § | CIVIL ACTION H-10-0016 |
| | § | |
| AMERICAN ECONOMY INSURANCE COMPANY, | § | |
|     *Defendant*. | § | |

## ORDER

Defendant American Economy Insurance Company ("AEIC") has filed a motion[1] to compel appraisal and "abate"[2] this insurance lawsuit pending resolution of the appraisal process. (Dkt. 7). After a hearing on July 1, 2010, AEIC's motion is granted in part and denied in part.

## Background

Plaintiff Yen Tran d/b/a Imperial Shopping Center ("Tran") has sued defendant AEIC for failure to pay a sufficient amount for Hurricane Ike damage

---

[1] The parties have consented to jurisdiction before this magistrate judge for all proceedings, including final judgment. (Dkt. 12)

[2] A "motion to abate" is not expressly authorized by federal statute or rule. *See Wyatt v. Terhune*, 305 F.3d 1033, 1044-45 (9th Cir. 2002) ("a matter in abatement . . . is subject to an unenumerated Rule 12(b) motion."). While federal courts have authority to entertain such preliminary motions, the decision to do so is largely a matter of judicial discretion, "which must be exercised in light of the policy against unnecessary dilatory motions." 5C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1360 (3d ed. 2004); *see also* 28 U.S.C. § 2105 (precluding appellate reversal for "error in ruling upon matters in abatement which do not involve jurisdiction").

1

under a commercial property insurance policy (the "Policy"). On September 22, 2008, Tran reported that the storm damaged the roof and siding of the Imperial Shopping Center and contributed to a loss of income.[3] Two days later AEIC inspected the property and issued a payment for the damages.[4] On March 27, 2009, Tran hired his own public adjuster, Stephen Kiser, to re-evaluate his claim.[5] Due to Kiser's findings, AEIC conducted a re-inspection and subsequently issued an additional supplemental payment.[6]

Tran remained dissatisfied with the additional payment and filed this lawsuit on November 25, 2009.[7] In its Answer, AEIC reserved the right to invoke the policy's appraisal provision to resolve issues regarding the amount of loss.[8] The Policy's appraisal clause provides that either party may make written demand for an appraisal if the parties disagree on the amount of loss, stating:

> 2. **Appraisal**
>
>    a.   If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser selected within 20 days of such demand. The two appraisers will select an umpire. If they cannot agree within 15 days upon such

---

[3] Ex. A, ¶ 3.
[4] *Id.*
[5] Ex. A, ¶ 4.
[6] *Id.*
[7] Ex. B, Plaintiff's Original Petition.
[8] Ex. C.

>>umpire, either may request that selection be made by a judge of a court having jurisdiction. Each appraiser will state separately the amount of loss. If they fail to agree they will submit their differences to the umpire. A decision agreed to by any two will be binding as to the amount of the loss. Each party will:
>>
>>>(1)   Pay its chosen appraiser; and
>>>(2)   Bear the other expenses of the appraisal and umpire equally
>
>b.   If there is an appraisal:
>
>>(1)   You will retain your right to bring a legal action against us, subject to the provisions of Paragraph E.4.[9] Legal Action Against Us Property Loss Condition; and
>>(2)   We will still retain our right to deny the claim.

*See* Ex. A-1, Policy, Texas Changes. (Dkt. 7-4).

AEIC sent its first written demand for appraisal on February 28, 2010,—three months after Tran's suit was filed.[10] AEIC further designated Mark West as its appraiser on March 10, 2010, and requested that Tran's appraiser contact West to select an umpire.[11] On March 17, 2010, Tran's counsel sent a letter declining participation in the appraisal process on grounds that AEIC's right

---

[9]   Paragraph E.4: LEGAL ACTION AGAINST US
   No one may bring a legal action against us under this policy unless:
   a.   There has been full compliance with all of the terms of this insurance, and
   b.   The action is brought within 2 years and one day after the date on which the direct physical loss or damage occurred.
   (D. Ex. A-1, (Dkt. 7-2 at 37)).

[10]   Ex. D.

[11]   Ex. E.

to demand appraisal had been waived.[12]

## Analysis

1.      Motion to Compel Appraisal

The Texas Supreme Court recently affirmed the enforceability of appraisal clauses in property insurance policies:

> However injudicious it may be for parties to bind themselves by such agreement, it seems to be well settled that, having done so, they cannot disregard it . . . In the absence of fraud, accident, or mistake, the parties having agreed that the amount of loss shall be determined in a particular way, we are constrained to hold that such stipulation is valid.

*State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888 (Tex. 2009). An appraisal clause binds the parties to determine the extent or amount of loss in a particular manner, but it does not divest the courts of jurisdiction. *Id.* at 889 (citing *Scottish Union & Nat. Inc. Co. v. Clancy*, 8 S.W. 630 (Tex. 1888)). Stated differently, appraisal clauses leave open the question of liability for such loss to be determined, if necessary, by the courts.

The appraisal clause in the policy signed by both AEIC and Tran is similarly enforceable on its face. Even so, Tran argues that AEIC's right to appraisal has been waived by its delay in asserting the right. The court does not agree.

Waiver is an affirmative defense that can be successfully maintained against

---

[12]    Ex. F.

a party who intentionally relinquishes a known right or engages in intentional conduct inconsistent with asserting that right. *In re Acadia Ins. Co.*, 279 S.W.3d 777, 779 (Tex. App.—Amarillo 2007, orig. proceeding) (citing *Tenneco, Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 643 (Tex. 1996)). The key inquiry is whether the intention to waive "[is] clearly demonstrated." *Id.* (citing *Rodriguez v. Classical Custom Homes*, Inc., 176 S.W. 3d 928, 932 (Tex. App.—Dallas 2005, no pet.)); *See In re Slavonic Mut. Fire Ins. Ass'n*, 2010 WL 1236333, at *4. "Silence or inaction, for so long a period as to show an intention to yield the known right," is sufficient to prove waiver. *Tenneco*, 925 S.W.2d at 643. The plaintiff bears the burden of showing affirmative facts evincing a carrier's intention to relinquish the right to appraisal. *In re State Farm Lloyds*, 170 S.W.3d at 634.

When a policy is silent as to the time for invoking the right to appraisal, the law will require that the demand for appraisal be made within a reasonable amount of time. *Laas v. State Farm Mut. Auto Ins. Co.*, 2000 Tex. App. LEXIS 5332, 2000 WL 1125287, at *6 (Tex. App.—Houston [14th Dist.] Aug. 10, 2000, pet. denied) (citing *Lion Fire Ins. Co. v. Heath*, 29 Tex. Civ. App. 203, 68 S.W. 305, 306 (Tex. Civ. App. 1902, no writ)). The proper point of reference for determining waiver by delay is the point at which the insurer and the insured had reached impasse over the amount of damages. *Laas*, 2000 Tex. App. LEXIS 5332, 2000 WL

1125287 at *6 (citing *Terra Industries, Inc. v. Commonwealth Ins. Co. of America*, 981 F. Supp. 581, 602. (N.D. Iowa 1997)).  Waiver is ordinarily a question of fact, but where the facts are admitted or clearly established, it becomes a question of law.  *Tenneco*, 925 S.W.2d at 643.

Tran asserts this impasse was reached on March 27, 2009, the date Tran hired a public adjuster and requested his claim be re-opened.  But the record shows that the parties continued to deal with each other in evaluating the loss after that date. AEIC reinspected the property and distributed additional funds according to its own estimate in June, without objection from Tran.  Until receipt of Tran's demand letter in November, it was reasonable for AEIC to consider the matter satisfactorily resolved.  Upon service of the lawsuit, AEIC immediately reserved the right to invoke the appraisal provision in its original answer. On these facts, it is reasonable to conclude that the parties did not reach an impasse until suit was filed on November 25, 2009.  Until that time, AEIC had every reason to believe Tran's claim was settled or capable of being settled.  Tran's requests were promptly responded to by AEIC and Tran did not dispute the re-adjusted claim until he wrote his demand letter, one week before filing suit.

At most, therefore, the interval between impasse and AEIC's request for appraisal was three months.  This period of time is insufficient to support a finding

6

of waiver. *Cf. Sanchez v. Property and Casualty Ins. Co. of Hartford*, 2010 WL 413687 (S.D. Tex. Jan 27, 2010) (10 month delay held sufficient to constitute waiver of right to appraisal). For these reasons, AEIC did not intentionally waive its right to appraisal in this case.

2.  **Motion to Abate**

This court declines to suspend these proceedings in order to allow the appraisal process to run its course. While the Texas Supreme Court has held appraisal to be a condition precedent to suit, *State Farm Lloyds v. Johnson*, 290 S.W.3d 886 at 894, in this case the appraisal request was not made until after suit was filed.

The abatement sought here would be contrary to the cardinal principle of the Federal Rules of Civil Procedure that cases be administered "to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1; *see* 5C, WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1360, at 78 (3d ed. 2004) ("[A]lthough a given motion might raise a valid point, unless its determination would have the effect of promoting 'the just, speedy, and inexpensive determination' of the action as mandated by Rule 1, the district court should probably deny the application and thereby avoid any delay."). Because the parties have until March 1, 2011 to complete discovery, this case need not be held hostage

while the parties engage in the appraisal process. On completion, the court will entertain any necessary motions. All other requested relief is denied at this time.[13]

### Conclusion

For the foregoing reasons, defendant AEIC's motion to compel appraisal and abate (Dkt. 7) is granted with respect to the appraisal and denied with respect to the abatement claim.

Signed at Houston, Texas on July 2, 2010.

*Stephen Wm Smith*
Stephen Wm Smith
United States Magistrate Judge

---

[14] In his response (Dkt. 14), Tran requests a continuance to conduct discovery on the appraisal issues prior to the court's ruling.